IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DINA JACKSON, | : | CIVIL ACTION NO. **1:CV-14-1898** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | (Magistrate Judge Saporito) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

Plaintiff Dina Jackson filed this action seeking review of the denial of Social Security Disability Benefits, pursuant to 42 U.S.C. § 405(g), on September 30, 2014. Plaintiff is proceeding *pro se*. Plaintiff also filed a motion to proceed *in forma pauperis* (Doc. 2), which was granted by Order of October 2, 2014. (Doc. 5).

On January 26, 2015, the Court entered an Order which, *inter alia*, directed Plaintiff to file a brief in support of her complaint on or by February 9, 2015. Said Order further stated that Plaintiff's failure to timely file her brief in support of her complaint may result in the issuance of a report and recommendation that her action be dismissed for failure to prosecute. (Doc. 13).

The time in which Plaintiff was to have filed her brief in support of her complaint has expired. The Court, *sua sponte*, gave the *pro se* Plaintiff an additional

sixteen (16) days to file her brief in support of her complaint.  The Plaintiff has neither filed her support brief nor requested an extension of time in which to do so.  In fact, the Court has received no filings from the Plaintiff since she filed this action on September 30, 2014.

## II. Discussion.

As stated, Plaintiff was afforded additional time, until February 9, 2015, to file her brief in support of her Complaint. (Doc. 13).   Additionally, as stated, we warned Plaintiff that her failure to comply with the January 26, 2015, Order may result in a recommendation of dismissal of her case.  (Doc. 13).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added).  In the instant case, Plaintiff has failed to both prosecute her action and to comply with the Order of this Court by her failure to timely file her brief in support of her complaint.  We shall recommend that this case be dismissed due to Plaintiff's failure to prosecute it and due to her failure to comply with this Court's Order.  Plaintiff should be deemed as abandoning her action.  *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that Plaintiff's conduct clearly shows that she intended to abandon her case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), is required before recommending that this case be dismissed under Rule 41(b).  *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Our Plaintiff has taken no action with respect to her case since she filed her complaint and *in forma pauperis* Motion on September 30, 2014, more than five (5) months ago. The behavior of Plaintiff constitutes a wilful failure to prosecute her case, as opposed to a situation in which she has had problems in pursuing her case but made efforts to comply with this Court's January 26, 2015 Order.  We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]."  *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007).  The consequences if Plaintiff failed to prosecute her case were clearly stated in the Court's January 26, 2015 Order, namely, we will recommend that her case be dismissed.  (Doc. 13).  *See Leininger v. Twoton, Inc.*, 2009 WL 1363386 (M.D. Pa.).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to no other logical conclusion.

*Id*.

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. We find Plaintiff's stated conduct in delaying her case to be attributable to her personally. Plaintiff was required to have filed her brief in support of her complaint by February 9, 2015. As mentioned, we *sua sponte* afforded Plaintiff additional time within which to comply with the January 26, 2015 Order. Plaintiff has filed nothing

4

in response to the stated Order, and she has not notified the Court that she intends to pursue her action.

While Plaintiff does not yet have a significant history of dilatoriness in this case, her present conduct in failing to prosecute her September 2014 case is nonetheless evidence of dilatoriness, especially since this case cannot proceed without her compliance with the January 26, 2015 Order.

Based on our discussion above, we find that the conduct of Plaintiff is wilful, especially since she has filed nothing with the Court in more than five months, since she has failed to respond to the January 26, 2015 Order, and since she has not contacted the Court to explain why she has failed to comply with the Order.

Plaintiff has been forewarned that her failure to comply with the January 26, 2015 Order may result in a recommendation that her case be dismissed. As stated, this case cannot proceed without Plaintiff's compliance with the January 26, 2015 Order. Since we will recommend that Plaintiff's case be dismissed without prejudice, and since Plaintiff has not paid the filing fee, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's failure to comply with the Court's January 26, 2015 Order demonstrates she has abandoned her case.

**III. Recommendation.**

Based on the foregoing, it is respectfully recommended that the action be dismissed without prejudice on the basis of Plaintiff's failure to comply with the Court's January 26, 2015 Order.  It is also recommended that Plaintiff's case be dismissed without prejudice on the basis of her failure to prosecute her action.

> *s/Joseph F. Saporito, Jr.*
> **JOSEPH F. SAPORITO, JR.**
> **United States Magistrate Judge**

**Dated: February 25, 2015**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DINA JACKSON, | : | CIVIL ACTION NO. **1:CV-14-1898** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | (Magistrate Judge Saporito) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **February 25, 2015.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

        **s/ Joseph F. Saporito, Jr.**
        **JOSEPH F. SAPORITO, JR.**
        **United States Magistrate Judge**

**Dated: February 25, 2015**