IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DINA JACKSON,** | : | CIVIL ACTION NO. 1:14-CV-1898 |
| | : | |
| **Plaintiff** | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **CAROLYN W. COLVIN, Acting** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant** | : | |

# ORDER

AND NOW, this 24th day of March, 2015, upon consideration of the report (Doc. 14) of Magistrate Judge Joseph F. Saporito, Jr., recommending the court dismiss *pro se* plaintiff's appeal (Doc. 1) of the decision of the administrative law judge ("ALJ") denying her application for disability insurance benefits, wherein Judge Saporito finds that plaintiff has failed to prosecute her appeal and failed to comply with an order of court, (see Doc. 14 at 2-5), and, after an independent review of the record, the court in agreement with Judge Saporito that plaintiff's failure to file a brief in support of her appeal as required by the Local Rules of Court and by the court's order (Doc. 13) of January 26, 2015, warrants dismissal of her appeal, see FED. R. CIV. P. 41(b) (providing for dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order"), and it appearing that neither party has filed objections to the magistrate judge's report, and that there is

no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 14) of Magistrate Judge Saporito is ADOPTED.

2. Plaintiff's appeal (Doc. 1) from the decision of the Commissioner of Social Security is DISMISSED without prejudice.

3. The Clerk of Court is directed to close this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the Magistrate Judge's report in according with this Third Circuit directive.